Document Number Case Number
07-C-0386-S
United States District Court
Western District of Wisconsin
Theresa M. Owens

Filed/Received
10/16/2007 03:33:25 PM CDT

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

_____

DENTON HOYT, JOSEPH B. ORTWERTH,
CHARLES R. KREYE and COLE A. BIRKEL,

                Plaintiffs,

        v.

ELLSWORTH COOPERATIVE CREAMERY,

                Defendant.

MEMORANDUM AND ORDER
07-C-386-S

_____

Plaintiffs Denton Hoyt, Joseph Ortwerth, Charles Kreye and Cole Birkel (collectively "named plaintiffs") commenced this action against defendant Ellsworth Cooperative Creamery ("Ellsworth") alleging that defendant violated both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. and Wisconsin wage law, Wisconsin Statute § 109.03.  To date an additional thirteen current and former employees have opted into the lawsuit as unnamed plaintiffs (collectively "opt-in plaintiffs").  Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1367.  The matter is currently before the Court on plaintiffs' motion requesting class certification under both the FLSA and Federal Rule of Civil Procedure 23, court authorization of notice and a court order prohibiting communication between defendant and class members.  The following facts are based on plaintiffs allegations and affidavits pertinent to the pending motion.

BACKGROUND

Named plaintiffs and opt-in plaintiffs (collectively "plaintiffs")[1] are hourly production and maintenance employees employed by defendant Ellsworth, which is a commercial cheese manufacturer. Plaintiffs are part of the group of approximately 42 production and maintenance employees who are represented by Teamsters Local 662. All production and maintenance employees work in the same areas, share the same locker rooms, use the same break areas, use the same time clock and hold similar job skills.

All production employees are required to be in uniform and present in their work area at least ten minutes before the start of their scheduled shifts. Also, all production employees are not permitted to leave their work areas at the end of a scheduled shift unless an employee's relief is present. All production employees are required to change into and from their uniforms outside their scheduled shift time. However, production employees are not paid for such pre and post-shift work. Furthermore, under defendant's policy of rounding employee work time down plaintiffs are routinely paid for only eight hours per shift regardless of the time actually recorded on their time cards.

---

[1]For clarity sake within this Memorandum and Order although three plaintiffs no longer work for Ellsworth the Court will discuss plaintiffs as if they are all currently employed by Ellsworth.

Plaintiffs filed this action under the FLSA and Wisconsin wage laws seeking unpaid straight and overtime wages owed to them and other similarly situated employees by Ellsworth for compensable time and activities including mandated pre-shift work, post-shift work and other uncompensated work.  Also, plaintiffs allege that Ellsworth's improper calculation of work hours so as to pay only scheduled hours instead of hours actually worked deprived plaintiffs and other similarly situated employees of wages and overtime wages.  Based on these alleged facts, named plaintiffs are requesting that the Court (1) certify all hourly production and maintenance employees employed by Ellsworth between July 18, 2004 and the present as a class under both the FLSA and Rule 23; (2) authorize sending notices concerning this action to all potential plaintiffs; and (3) restrict defendant from communicating with potential and current class members.

MEMORANDUM

## I.   FLSA collective action certification

Under 29 U.S.C. § 216(b) an employee may bring an FLSA claim "in behalf of himself . . . and other employees similarly situated."  However, collective actions under the FLSA differ from ordinary class actions brought under Federal Rule of Civil Procedure 23 because if similarly situated employees do not "opt-in" to the FLSA action then they are not bound by the judgment. See <u>King v. Gen. Elec. Co.</u>, 960 F.2d 617, 621 (7th Cir. 1992)

3

(discussing the application of the FLSA's enforcement provisions under 29 U.S.C. § 216 as incorporated into the Age Discrimination and Employment Act).   To "opt-in" a similarly situated employee must sign a written consent form and the form must be filed with the court.   29 U.S.C. § 216(b).   Furthermore, the FLSA collective action "opt-in" procedure preempts the ordinary class action procedure under Rule 23.   See id.

Before a court authorizes the sending of notice to potential plaintiffs in an FLSA action it must determine whether the representative plaintiff has demonstrated that it is "similarly situated" to the potential class of plaintiffs.   Austin v. Cuna Mut. Ins. Soc'y, 232 F.R.D. 601, 605 (W.D. Wis. 2006).   The text of the FLSA, the Supreme Court and the Seventh Circuit do not provide a method for determining whether potential plaintiffs are similarly situated to representative plaintiffs.   Id.   However, many other federal courts, including the Western District of Wisconsin, have followed a two-step approach.   Id. (citations omitted).

The first step requires the named plaintiffs to demonstrate a reasonable basis for believing that they are similarly situated to potential plaintiffs.   Id.   This step requires only a modest factual showing by named plaintiffs that can connect them "to other potential plaintiffs as victims of an unlawful practice."   Id. at 605-06 (citation omitted).   Once this showing is made a court

4

conditionally certifies the collective action, authorizes notice and the parties conduct discovery.  Id.

The second step takes place at the end of discovery when the defendant is permitted to move the court for decertification.  Id. Should the court find that any of the "opt-in" plaintiffs are not similarly situated to the originally named plaintiffs then it is free to dismiss the "opt-in" plaintiffs without prejudice.  Id. Otherwise, the case proceeds to trial as a collective action.  Id.

In this case, defendant stipulates that named plaintiffs have satisfied the first step by making a modest factual showing that they are similarly situated to other hourly production and maintenance employees working at the Ellsworth Creamery. Furthermore, the affidavits and pleadings presented by the named plaintiffs provide a reasonable basis to support that named plaintiffs are similarly situated to potential plaintiffs, i.e., to all hourly production and maintenance employees employed by Ellsworth between July 18, 2004 and the present, as victims of defendant's allegedly unlawful practices.  Accordingly, the Court conditionally certifies plaintiffs' FLSA claims as a collective action.

## II.  Rule 23 class certification

Under Federal Rule of Civil Procedure 23 district courts maintain broad discretion to determine whether certification of a class-action lawsuit is appropriate.  Keele v. Wexler, 149 F.3d

589, 592 (7th Cir. 1998) (citation omitted).  To demonstrate that class certification is appropriate a party must first satisfy the four prerequisites listed under Rule 23(a):

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Next, the party requesting certification must satisfy one of the requirements under Rule 23(b).  Pertinent to this case is Rule 23(b)(3), which requires "that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."  Should the party seeking class certification, in this case plaintiffs, fails to satisfy any requirement under Rule 23 then the Court will not grant class certification.

In this case, defendant argues that the Court should wait to decide class certification until after discovery.  However, Rule 23(c)(1)(A) requires that the Court decide whether or not to certify the class "at an early practicable time."  Furthermore, the Seventh Circuit has reasoned that "[u]ntil everyone knows who will, and who will not, be bound by the outcome, it is difficult to make informed decisions about how the case should proceed."  Bertrand v.

6

<u>Maram</u>, 495 F.3d 452, 455 (7th Cir. 2007). Accordingly, the Court will not wait until after discovery to determine the issue of class certification.

Plaintiffs argue that their state law claims under Wisconsin wage law, i.e., Wisconsin Statutes § 109.03, should be certified as a class action. Plaintiffs further reason that by limiting the class to those who choose to "opt-in" to the FLSA action the potential plaintiffs would be opting into the Rule 23 class action. However, Rule 23 is not an "opt-in" provision. In fact, the procedure used under Rule 23 is exactly opposite to that used under the FLSA because "under [the FLSA] the class member must opt in to be bound, while under Rule 23 the class member must opt out in order *not* to be bound. <u>Vanskike v. Peters</u>, 974 F.2d 806, 812-13 (7th Cir. 1992) (emphasis in original) (citation omitted).

The Seventh Circuit has not addressed the controversy concerning how to address dual-filed wage claims, i.e., an action involving FLSA wage claims and state law wage claims. Here, plaintiffs' suggested double opt-in procedure (i.e., opt-in to the FLSA action and then opt-in to a Rule 23 class for the state law claims) is not supported by the case law they cite. In those cases, instead of allowing plaintiffs to bring state law claims as class actions under Rule 23 the courts reasoned that joinder of the state law claims among plaintiffs who opted into the FLSA actions was both a superior and more practical method of pursuing the state

law claims.  See Leuthold v. Destination Am., Inc., 224 F.R.D. 462, 470 (N.D. Cal. 2004); Bartleson v. Winnebago Indus., Inc., 219 F.R.D. 629, 639 (N.D. Iowa 2003); see also De Asencio v. Tyson Foods, Inc., 342 F.3d 301 (3d Cir. 2003) (denying certification of state law claims class action because the court would have no supplemental jurisdiction over class members who did not "opt-in" to the FLSA action); De La Fuente v. FPM Ipsen Heat Treating, Inc., No. 02-C-50188, 2002 WL 31819226 (N.D. Ill. Dec. 16, 2002) (denying class certification until it was determined how many employees would opt-in to the FLSA action because joinder might not be impracticable).  Although plaintiffs incorrectly summarize the reasoning used by other courts to address dual-filed wage claims, the Court finds the actual reasoning of those other courts persuasive.

In this case, plaintiffs allege that the proposed class could reach fifty members.  This number does not make joinder impracticable or unmanageable.  Plaintiffs inferentially argue that when a failure to certify a relatively small class under Rule 23 could lead to duplicative lawsuits in state court the numerosity requirement is satisfied.  However, plaintiffs' case does not present such a circumstance.  Certifying plaintiffs' suggested Rule 23 class would not prevent duplicative lawsuits in state court any more than allowing opt-in plaintiffs to jointly bring pendent state law claims because regardless of the method used to address the

8

state law claims employees who do not first opt into the FLSA lawsuit are free to bring state law claims on their own. Furthermore, joinder is not only practicable but will essentially be accomplished because all plaintiffs who can join in pursuing the state law claims will have already been joined when they opted into the FLSA action. <u>See</u> <u>Bartleson</u>, 219 F.R.D. at 639. The practicality of joinder makes creating such a Rule 23 "opt-out" class unnecessary and creating such a class would be confusing.[2] Accordingly, plaintiffs have failed to satisfy the numerosity requirement and plaintiffs request that the Court certify their Wisconsin wage law claims as a class action under Rule 23 is denied.

## III. Court authorized notice

When a court is handling a collective action under 29 U.S.C. § 216(b) it "has a managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way." <u>Hoffmann-La Roche Inc. v. Sperling</u>, 493 U.S. 165, 170-71, 110 S. Ct. 482m 197 L. Ed. 2d 480 (1989). Part

---

[2]Although not a determinative factor in denying Rule 23 class certification, the Court agrees with other district courts' reasoning that certifying a Rule 23 class on state claims that accompany an FLSA collective action will unnecessarily confuse potential plaintiffs about what they need to opt into versus opt out of when according to what plaintiffs are requesting, the potential plaintiffs could opt into the FLSA action and then bring the state claims as pendent claims. <u>See</u> <u>Riddle v. Nat'l Sec.</u> <u>Agency, Inc.</u>, No. 05-C-5880, 2007 WL 2746597, at *3-4, 10 (N.D. Ill. Sept. 13, 2007).

of this managerial responsibility is involvement in the notice process for potential plaintiffs. <u>Id.</u> at 171. Accordingly, "[b]y monitoring preparation and distribution of the notice, a court can ensure that it is timely, accurate, and informative." <u>Id.</u> at 172.

In this case, plaintiffs provided the Court with a copy of their proposed notice and consent form. Based on the Court's denial of plaintiffs' request for Rule 23 class certification, all references to the Wisconsin wage law claims must be removed from the notice.[3] Furthermore, plaintiffs' should use the same consent form that those plaintiffs who have already opted into the FLSA action used because it does not mention the Wisconsin wage law claims.

Defendant argues for two amendments to the notice. The first amendment would require potential plaintiffs to determine whether they believe that defendant had not paid them for time they had worked. This amendment is unnecessary as superfluous because potential plaintiffs already make this determination in the "Consent to Sue" form which they must read and sign. The second amendment would be to remove the section of the notice that informs potential plaintiffs that they may contact plaintiffs' attorney for more information. Such a reminder is not unreasonable in this

---

[3]This is only a minor change that requires the deletion of the phrase "and Wisconsin wage law" on page one of the notice. The phrase is found in the paragraph under the heading "1. Description of the Lawsuit". Also, the first sentence in the same paragraph is missing several words and needs to be corrected.

notice.  Accordingly, defendant's proposed amendments will not be added.

Plaintiffs also request a minor amendment.  They ask that their attorney's phone number and email address be added to the notice as they were inadvertently omitted.  Such a minor amendment is reasonable and will be permitted.  Accordingly, plaintiffs are authorized to issue their proposed notice and consent forms after the forms have been amended so as to be in accordance with this order.

As for the deadlines surrounding the notice, the Court orders (1) that defendant provide plaintiffs with a list of all potential plaintiffs to this collective action, their last known address and telephone number by October 22, 2007; (2) that the notice and consent are to be mailed by October 24, 2007; and (3) that all opt-in plaintiffs must have their consents filed with the Court on or before November 26, 2007.[4]

## IV. Request to restrict communication between defendant and members of the collective action

Courts have discretionary authority to grant protective orders to control the course of class litigation.  <u>Williams v. Chartwell Fin. Serv., Ltd.</u>, 204 F.3d 748, 759 (7th Cir. 2000).  This is because class actions present "opportunities for abuse" by parties and counsel.  <u>Id.</u>  However, both sides have a right to contact

---

[4]This is the filing deadline to be inserted into plaintiffs' proposed notice.

11

members of the putative class.   See id. (citing E.E.O.C. v. Mitsubishi Motor Mfg. of Am., Inc., 102 F.3d 869, 870 (7th Cir. 1996).   Accordingly, in determining whether to restrict such communication a court must be aware that "an order limiting discovery communications between parties and potential class members should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties."   Gulf Oil Co. v. Bernard, 452 U.S. 89, 101, 101 S. Ct. 2193, 68 L. Ed. 2d 693 (1981) (addressing whether plaintiff can be prohibited from contacting potential class members).

In this case, plaintiffs request that defendant be prohibited from communicating with potential and existing plaintiffs concerning the lawsuit because defendant is attempting to coerce and intimidate such plaintiffs from pursuing the lawsuit. Plaintiffs' support concerning such coercion is based on insinuations, interpretations and hearsay concerning comments by defendant and its agents.   Such minimal evidence weighs against the need for a limitation on communication.   Also, the fact that to date there are seventeen plaintiffs, thirteen of whom have opted into the lawsuit and the majority are current employees of defendant, further weighs against the need for such a limitation on communication because current employees are continuing to join the lawsuit despite the allegedly insinuated coercion.

12

Furthermore, plaintiffs argue that they are "not seeking to prohibit discovery from class members" but are seeking to prevent defendant from forcing "class members to discuss this matter upon threat of discipline and discharge." (Pls.' Reply Br. at 6.) The Court does not need to order that defendant not engage in such conduct because as defendant concedes it is clear from the notice that will be sent to potential plaintiffs that any coercion and intimidation concerning potential plaintiffs' involvement in the lawsuit is prohibited by law.[5]  If such coercion or intimidation actually happens then potential and existing plaintiffs are free to file additional claims against defendant concerning such actions. However, a Court order that merely reinforces what the law already states is unnecessary and accordingly plaintiffs' motion to restrict communication between defendant and potential and existing plaintiffs is denied.


ORDER

IT IS ORDERED that plaintiffs' motion to conditionally certify plaintiffs' FLSA claims as a collective action is GRANTED.

IT IS FURTHER ORDERED that plaintiffs' motion to have their Wisconsin wage law claims certified as a class action under Federal Rule of Civil Procedure 23 is DENIED.

---

[5]See, e.g., Wis. Stat. § 109.03(7).

13

IT IS FURTHER ORDERED that plaintiffs' motion for Court authorization of their proposed notice and consent form is GRANTED in accordance with the changes and deadlines mandated by this order.

IT IS FURTHER ORDERED that plaintiffs' motion to restrict communication between defendant and potential and existing plaintiffs is DENIED.

Entered this 16th day of October, 2007.

BY THE COURT:

/s/

_____
JOHN C. SHABAZ
District Judge

14